UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **BOOTHEEL ETHANOL INVESTMENTS, L.L.C.,** ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 1:08-CV-59 SNLJ |
| **SEMO ETHANOL COOPERATIVE, ET. AL.,** ) ) ) | |
| Defendants. ) | |

## AMENDED MEMORANDUM AND ORDER

The Court, *sua sponte*, observes that the Eight Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively." 15 James Wm. Moore, et al., *Moore's Federal Practice* § 102.31 (3d ed. 2010).

The plaintiff's Amended Complaint (#28) asserts that the Court has 28 U.S.C. § 1332 because the lawsuit is between citizens of different States and the matter in controversy exceeds the sum of $75,000. In support, the Amended Complaint alleges that plaintiff Bootheel Ethanol Investments, L.L.C. is an Illinois Limited Liability Company whose members are LandGas Technologies, L.L.C. ("LandGas") and Wilton L. Adcock. Landgas is an Illinois limited liability company whose members are David S. O'Neill and the O'Neill Parntership. Adcock is a citizen of North Carolina, and, the complaint alleges, "all of the members of the O'Neill Partnership are

all citizens of Illinois." The complaint goes on to explain that because all the defendants are Missouri citizens, diversity of citizenship is present between plaintiff and defendants.

Although the Court recognizes that plaintiff has attempted to plead properly the citizenship of the LLCs and partnerships — which are citizens of every state of which any member is a citizen, *see GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) — plaintiff's statement that "all of the members of the O'Neill Partnership are all citizens of Illinois" is insufficient for the Court to examine the citizenship of each member of plaintiff. Furthermore, this Court is required to examine the parties for any potential conflicts of interest that the undersigned might possess. *See* 28 U.S.C. § 455.

Thus, out of an abundance of caution, and because plaintiff bears the burden of establishing federal jurisdiction in this case, the Court will grant plaintiff fourteen (14) days to file a memorandum with the Court that establishes the identities and citizenship of each of the members of the O'Neill Partnership as of the date of the Amended Complaint's filing. If plaintiff fails to comply timely and fully with this Order, the Court will dismiss this matter without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that, by September 30, 2011, plaintiff shall file a memorandum with the Court that establishes the identities and citizenship of each of the members of the O'Neill Partnership as of the date of the Amended Complaint's filing.

**IT IS FURTHER ORDERED** that if plaintiff does not timely and fully comply with this order, this matter will be remanded for lack of subject matter jurisdiction.

**IT IS FINALLY ORDERED** that this order replaces Document Number 89, and Document Number 89 is vacated.

Dated this   16th   day of September, 2011.

_/s/ Stephen N. Limbaugh, Jr._
UNITED STATES DISTRICT JUDGE