# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| **BOOTHEEL ETHANOL** | ) | |
| **INVESTMENTS, L.L.C.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 1:08-CV-59 SNLJ** |
| | ) | |
| **SEMO ETHANOL COOPERATIVE,** | ) | |
| **ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Plaintiff Bootheel Ethanol Investments, L.L.C. ("BEI"), has filed this contract and tort

action against defendants SEMO Ethanol Cooperative ("SEMO"), and its former members, in

connection with certain financial transactions concerning their limited liability company,

Bootheel Ethanol, L.L.C. ("Bootheel").  This matter is before the Court on the defendants'

Motion for Judgment on the Pleadings, #100, filed February 1, 2012.  Although plaintiff objected

to this motion due to untimeliness, Fed.R.Civ.P. 12(c) permits such motions so long as they do

not delay trial, and the motion has been expeditiously briefed so as not to do so.  While the Court

regrets that defendants' claim was not raised until this late date, the issue is critical to this case

and will recur in the midst of trial, if not resolved now.

This case has a lengthy and complex history, having progressed through discovery and

dispositive motions, and the facts have been fully set out in the Court's prior orders.  *See, e.g.,*

Memorandum and Order denying Defendants' Motion for Summary Judgment, #92.  The Court

-1-

again notes that, in this diversity lawsuit, it applies the substantive law of the state in which the district court sits.  *Urban Hotel Dev. Co. v. President Dev. Co., L.C*, 535 F.3d 874, 877 (8th Cir. 2008); *Roemmich v. Eagle Eye Dev. L.L.C.*, 526 F.3d 343, 348 (8th Cir. 2008).  In the present case, Missouri substantive law applies.

## I.    Standard

Ordinarily, the standard for consideration of a motion for judgment on the pleadings is the same as considered in ruling on a motion to dismiss.  *St. Paul Ramsey Cty. Med.Ctr. v. Pennington Ct.*, 857 F.2d 1185, 1187 (8th Cir.1988).  Federal Rule of Civil Procedure 12(c) requires a court to "accept as true all factual allegations set out in the complaint" and to "construe the complaint in the light most favorable to the plaintiff[ ], drawing all inferences in [its] favor." *Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir.2009) (quoting *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir.2006)).  A motion for judgment on the pleadings under Rule 12(c) is determined by the same standards that are applied to a motion under Rule 12(b)(6). *Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1233 n. 3 (8th Cir.2010); *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir.2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## II.    Discussion

Defendants seek judgment on the pleadings on plaintiff's two remaining claims for breach of contract and fraudulent transfer because the alleged oral contract at issue is unenforceable pursuant to the statute of frauds.  The oral contract, which defendants have disputed existed, related to money loaned from BEI to Bootheel for Bootheel's operating costs. Plaintiff claims that under the alleged oral contract, SEMO became responsible to BEI for

-2-

repayment of its pro rata share of BEI's operating-expense loans, to the extent that Bootheel was unable to repay the loans from its assets.  Defendants assert that the oral contract constitutes a special promise to answer for the debt of another, and that it is unenforceable under the statute of frauds, since it was not agreed upon in writing.  If the oral contract is unenforceable, defendants continue, plaintiff's remaining claims must fail, since they are based upon the oral contract.

Plaintiff counters that the statute of frauds is inapplicable here because the oral agreement was not a promise to answer for the debt of another.  Rather, it was simply a modification of the Second Amendment and Restatement of Operating Agreement of Bootheel Ethanol, LLC ("Operating Agreement"), made by BEI and Bootheel, pursuant to authority granted to Bootheel Operating Manager Bill Adcock under the Operating Agreement.  Plaintiff further argues that the oral contract falls outside the statue of frauds because it was an original, rather than collateral, agreement between the parties according to established Missouri law.  Alternatively, plaintiff argues that Bootheel's Second Operating Agreement satisfies the writing requirement of the statute of frauds.  Finally, plaintiff contends that defendants are equitably estopped from raising a statute of frauds defense based upon BEI's reliance on the oral contract.

Missouri's statute of frauds is found in § 432.010, RSMo (2010), and provides, in pertinent part, as follows:

> No action shall be brought to . . . charge any person upon any special promise to answer for the debt, default or miscarriage of another person . . . unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person by him thereto lawfully authorized . . . .

Because the alleged oral contract was a charge or promise by SEMO to pay the debt of Bootheel to BEI, defendants argue, it is unenforceable without a writing pursuant to the statute of frauds.

-3-

The material facts relevant to the Court's analysis have been established by the pleadings. Plaintiff alleges that BEI "made loans to Bootheel" totaling $1,276,000, and that "Adcock, in his capacity as Operating Manager [of Bootheel], agreed with [BEI] that Bootheel's repayment of [BEI's] loans would be made from SEMO's capital contribution if other sources of repayment were not available." Amended Compl. ¶¶ 19-20.  Both Adcock and David O'Neill, BEI's manager, believed that SEMO would be responsible for SEMO's share of the loans if the deal collapsed.  *Id.* ¶ 21; Memorandum and Order, #92, p. 10.  It has also been established, as alleged by plaintiff, that Adcock had authority to bind SEMO to the terms of the alleged oral contract, pursuant to § 6.2.3 of the Operating Agreement.  Amended Compl. ¶¶ 20-21, 33; Memorandum and Order, #92, p. 15.

The facts of this case, as they relate to the statute of frauds, are unique and made unnecessarily complex by the way the Operating Agreement was drafted.  Moreover, plaintiff's argument – that the oral contract between Bootheel (Adcock) and BEI (O'Neill) was simply an oral modification of the Operating Agreement and not a charge to answer for the debt of another – is somewhat obfuscating.  Plaintiff claims that Adcock, pursuant to his authority as operating manager of Bootheel under § 6.2.3 of the Operating Agreement, bound SEMO to answer for the debt of Bootheel.  This is not the more classic or conventional situation where a third party directly promises to pay the debt of another that might trigger the statute of frauds because SEMO itself made no promise to pay the debt of Bootheel.  Instead, Adcock acted unilaterally to bind SEMO, and he did so not as an agent of SEMO, but acting exclusively on behalf of Bootheel.

As noted, Adcock was acting under § 6.2.3's open-ended "unless otherwise agreed"

-4-

provision, an enabling provision that granted him authority to change that section's default rule that loans "shall be payable only from the assets of [Bootheel] without any recourse against or any right of contribution from any Member."  This Court has already established that Adcock had authority to bind SEMO under § 6.2.3 for repayment of BEI's loan to Bootheel, and that plaintiff should be allowed to prove that he did so here.  Memorandum and Order, #92, p. 15.  This "change" was not a modification of the Operating Agreement, but instead a permissible implementation of the Agreement, to which SEMO consented by signing the Agreement in the first place.  In any event, this action taken by Adcock was not a special promise by SEMO to answer for the debt of Bootheel, even though it had the same effect.  Under these unusual facts, the statute of frauds does not apply.

**III.    Conclusion**

For the foregoing reasons, defendants' motion for judgment on the pleadings is **DENIED**.

**SO ORDERED** this   16th   day of February, 2012.

UNITED STATES DISTRICT JUDGE